IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

SABRINA NICOLA KATTS,           :
                                :
     Plaintiff,                 :
                                :
vs.                             :
                                :   CIVIL ACTION 13-0054-M
CAROLYN W. COLVIN,              :
Commission of Social Security,  :
                                :
     Defendant.                 :

<u>MEMORANDUM OPINION AND ORDER</u>

In this action under 42 U.S.C. § 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 15). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 27). Oral argument was waived in this action (Doc. 28). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

This Court may not reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v.*

1

*Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Katts was nineteen years old and had completed an eleventh-grade education (Tr. 41-42); she had no previous work experience (Tr. 48). Plaintiff alleges disability due to degenerative joint disease, scoliosis, and mental retardation (Doc. 15 Fact Sheet).

Katts filed an application for SSI on June 24, 2009 (Tr. 124-26; *see also* Tr. 9). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Plaintiff was capable of performing specific light work jobs (Tr. 9-32). She requested review of the hearing decision (Tr. 113-18) by the Appeals Council, but it was denied (Tr. 1-5).

Katts claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Plaintiff alleges that: (1) She meets the requirements of Listing 12.05C; and (2) the ALJ did not properly consider her academic records (Doc. 15). Defendant has responded to—and denies—these claims (Doc. 23).

The relevant evidence of record follows.[1]

One of Plaintiff's high school teachers completed a questionnaire when Katts was in the eleventh grade indicating that she had no problems acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, and caring for herself (Tr. 172-79). The teacher also reported excessive absenteeism, mostly due to skipping class.

Records from Southside High School demonstrate that in the ninth and tenth grades, Katts passed most of her classes, but did fail English, Algebra, and U.S. History I (Tr. 181-84). Her class rank was 59 out of 135. A writing assessment in the tenth grade indicated that Plaintiff had a good understanding of the assignment; she did, however, have frequent, serious errors in sentence formation. Katts took the high school exit exam, but only passed the biology section (Tr. 183-84).

On October 12, 2010, Psychologist Richard S. Reynolds performed a consultative psychological examination of Katts who reported a prior history of ADHD for which she had taken medication; that problem was currently resolved (Tr. 305-10). Plaintiff was oriented in four spheres; her affect was euthymic. Thought content was logical and associations were tight; recent

---

[1]The Court will summarize herein only the evidence relating to Katts's claims.

3

and remote memory were fair.  Judgment, insight, and decision-making abilities were intact.  Katts underwent the Wechsler Adult Intelligence Scale-IV and scored a Full Scale IQ of 70.  Reynolds stated that he thought the test results were a valid estimate of her current level of functioning, noting that her "ability to understand, carryout, to remember instructions, and to respond appropriately to supervision, co-workers, [and] work pressures in a work setting appear intact" (Tr. 307).  The Psychologist also completed a mental medical source statement in which he indicated that Katts would have, at most, only minimal limitations in performing work-related activities (Tr. 308-10).  Overall, Reynolds found her to be functioning at a borderline intellectual level.

In his decision, the ALJ held that Katts's "statements concerning the intensity, persistence and limiting effects of [her] symptoms [were] not credible" (Tr. 15; *see also* Tr. 30).  The ALJ also held that statements offered by Plaintiff's mother and aunt were not fully credible in that they presented limitations that were out of proportion to the objective medical evidence of record (Tr. 23, 29).  Because Katts has not challenged these findings, the Court will not summarize that evidence herein.  The Court will proceed to Plaintiff's claims.

Katts alleges that she meets the requirements of Listing 12.05C (Doc. 15, pp. 4-8).  The introductory notes to Section

4

12.05 state that "[m]ental retardation refers to a significantly subaverage general intellectual functioning with deficits in adaptive behavior initially manifested during the development period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05 (2013). Subsection C requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05C (2013).

In his determination, the ALJ acknowledged that one might argue that Katts satisfies the requirements of Listing 12.05C (Tr. 24-25). He found that she did not, however, noting that while she had a Full Scale IQ score of 70, she stated during her testing that her leg was bothering her; the ALJ "assume[d] that her mood was decreasing the claimant's tolerance for frustration" (Tr. 25). The ALJ went on to note that Plaintiff attended school in a regular curriculum, had passed the biology part of her exit exam and was studying to complete that testing, intended to further her education by attending nursing school, and was raising a one-year-old child (Tr. 25). The ALJ then noted that Psychologist Reynolds noted that Katts would have no limitations in her ability to work, finding her attention span, concentration, and fund of knowledge to be normal (Tr. 25). The

5

ALJ noted that Katts's demeanor at the hearing indicated no mental deficits. With these findings, the ALJ concluded that Plaintiff had no deficits in adaptive functioning.

The Court finds substantial support for the ALJ's conclusions. The evidence in this record regarding Katts's mental impairment is minimal. The most beneficial evidence to this claim came from Plaintiff, her mother, and her aunt; the ALJ discounted that evidence, however, and Katts has not sought to challenge those findings. Though Plaintiff did have a Full Scale IQ score of 70, the uppermost score supported under Listing 12.05C, the administering Psychologist found her to be functioning at a borderline level—not at a mentally retarded level. Furthermore, Reynolds opined that Katts would have, at most, minimal limitations in working. This is not the profile of a mentally retarded individual under Listing 12.05C. Plaintiff has not demonstrated any deficits in adaptive behavior; at most, she has only shown that she is a slow learner. Katts's claim otherwise is without merit.

Plaintiff next claims that the ALJ did not properly consider her academic records. More specifically, Katts argues that the ALJ relied on the evaluation by her high school teacher rather than looking at her grades and inability to pass the high school exit exam (Doc. 15, pp. 8-10).

The Court finds no merit in this claim. In his decision,

6

the ALJ noted that the teacher was a "financially disinterested party who has had the opportunity to observe, work with and teach the claimant on a daily basis virtually every school day" (Tr. 23).  In that position, the teacher had the opportunity, in her role as teacher, to observe for herself Katts's abilities and limitations.  The teacher found no limitations, much like the Psychologist.  While Plaintiff points to her deficiencies in bringing this action, she fails to acknowledge that the authorities, whose opinions upon whom the ALJ properly relied, have indicated that she is not mentally retarded and is able to make her way in the work place.

Katts has raised two different claims in bringing this action.  Both are without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate Order.

DONE this 5th day of November, 2013.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE